**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. _____**

DORELIA CAMPS PINERO,

        Plaintiff,
vs.

WALMART CLAIMS SERVICES, INC.,

        Defendant.                       /

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Walmart Claims Services, Inc. ("Wal-Mart"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c), Federal Rules of Civil Procedure, hereby files this Notice of Removal removing to this Court the action filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2021-019069-CA-01, with full reservation of rights, exceptions and defenses, and in support thereof states:

**I.     Background**

1.     On August 12, 2021, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. *See* Pl.'s Complaint attached as **Ex. "A."** The Complaint was served on August 27, 2021. *See* Affidavit of Service attached as **Ex. "B."**

2.     Plaintiff, Dorelia Pinero, alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on October 7, 2020 when she slipped and fell at Defendant's premises located at 8425 NW 13th Terrace, Doral, FL 33126. *See* Complaint (Ex. A) at ¶¶ 4-7.

3.     Plaintiff further alleges that she was a resident of Miami-Dade County, Florida at all times material to her claims. *See* Complaint (Ex. A) at ¶ 2.

4.     Walmart Claims Services, Inc. is a foreign corporation and maintains its principal

place of business in Bentonville, Arkansas.  *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Ex. "C."**

5. Plaintiff's complaint alleges that she "slipped and fell on a dirty, slippery substance," which caused her "to seriously injure herself." *See* Complaint (Ex. A) at ¶ 6. The Complaint further alleges that Plaintiff "was injured in and about her body and extremities, suffered pain therefrom, suffered physical handicap, lost wages, loss of ability to earn money in the past and in the future, aggravation of a previously existing condition and suffered the inability to lead a normal life; all of which are permanent and continuing in nature." *Id*. at ¶ 13.

6. Before initiating her lawsuit, Plaintiff sent a demand letter to Walmart alleging that Plaintiff had "suffered permanent injuries." The letter also alleges that Plaintiff had total medical bills in excess of "$459,125.69." *See* Pl's Follow-up Demand Letter attached as **Ex. "D."**

7. Therefore, this Court has jurisdiction over this matter, and it is removable based on diversity of citizenship of the parties. The matter is removable based on diversity of citizenship because Plaintiff and Wal-Mart are citizens of different states and the amount in controversy exceeds $75,000.00—exclusive of interest, attorney's fees, and costs.

8. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. Removal is Timely

9. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart filed this Notice of Removal on September 27, 2021, within thirty (30) days of the date that it received or was served a copy of Plaintiff's filed Complaint.  Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty-day period, under 28 U.S.C. § 1446(b)(1) commenced on August 27, 2021, when Plaintiff served her Complaint on the Defendant.

10. Venue is proper in this Court because the state court where Plaintiff filed her Complaint, the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, is located in the City of Miami, which is within this Court's jurisdiction.

### III. There is Complete Diversity Between the Parties

11. In accordance with 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

12. For purposes of 28 U.S.C. §§ 1332 and 1441, Defendant Walmart Claims Services, Inc. is an Arkansas corporation, with its principal place of business in Arkansas. No publicly traded entity owns more than 10% of Walmart Claims Services, Inc. Hence, Defendant is a citizen of only Arkansas. *See* Arkansas Department of State, Division of Corporations, Detail by Entity Name attached as **Ex. "E."**

13. Plaintiff was and is a resident of Miami-Dade County, Florida. *See* Complaint (Ex. A) at ¶ 2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla.) (internal citations omitted). Plaintiff's Miami-Dade County residence is *prima facie* evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity jurisdiction. *See id*.

### IV. The Amount in Controversy Requirement Has Been Met

14. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy, it alleges that Plaintiff's damages exceed $30,000.00.

And it is clear from the Complaint and demand letter, that the Plaintiff's claimed damages exceed the $75,000.00 jurisdictional minimum of this Court. *See Katz*, 2009 WL 1532129 at *5 (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on the medical bills cited in plaintiff's pre-suit demand); *see also Mick v. De Vilbiss Air Power Co.*, 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (relying on pre-suit demand letter seeking $175,000.00 in damages as competent evidence of amount in controversy and denying Plaintiff's motion to remand).

15.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the Plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) citing *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1213-1214 (11th Cir. 2007). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.*, citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

16.     Here, the relevant portions of Plaintiff's demand letter citing Plaintiff's past medical procedures and expenses conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

17.     Specifically, the medical expenses and procedures that Plaintiff has undergone thus far allegedly exceed "$459,125.69." *See* Ex. "D." Furthermore, the Complaint alleges that she has sustained serious injuries, and is seeking damages for, among other things, physical handicap, lost wages, loss of ability to earn money in the past and in the future, the inability to lead a normal life,

4

and permanent or continuing injuries.  *See* Ex. "A" at ¶ 13.

18.     Plaintiff's aforementioned representations sufficiently and conclusively establish that, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional threshold of $75,000.00 for this Court to maintain and retain jurisdiction. The decisions of several district courts support this conclusion.

19.     For example, the court in *Katz* held that the defendant seeking removal had sufficiently established that the amount in controversy was satisfied based on information included in Plaintiff's pre-suit demand package. 2009 WL 1532129 at *4. Here, Plaintiff's demand letter also sufficiently establishes that the amount in controversy is satisfied. *See* Ex. "D."

20.     District courts have consistently found that the amount in controversy is met where it is shown that a plaintiff's pre-suit demand letter represented that plaintiff's past medical bills exceeded $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, the court determined that the defendant successfully met its burden of proving the amount in controversy was in excess of $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92. Much like Plaintiff Pinero in the instant matter, the plaintiff in *Stramiello* alleged that his injuries were permanent and that he would "seek recovery of future medical expenses and significant pain and suffering damages." *Id*. Because the court found that defendant demonstrated complete diversity and that the amount in controversy exceeded the jurisdictional minimum, the court ultimately denied the plaintiff's motion to remand. *Id*. at *5.

21.     Moreover, in *Wilson v. Target Corp.*, plaintiff's pre-suit demand letter plaintiff revealed she had sustained over $100,000.00 in past medical expenses and would suffer an additional one million dollars in future medical expenses due to an alleged accident. *Wilson v. Target Corp.*, 2010 WL 3632794, at *4 (S.D. Fla. 2010). There, the court denied plaintiff's motion

to remand despite acknowledging that plaintiff did not specify the exact amount of damages sought in her complaint because it found that plaintiff's pre-suit demand letter and the unspecified damages in his complaint were enough to determine by a preponderance of the evidence that the amount in controversy surpassed $75,000.00. *Id*.

22. Here, Plaintiff's pre-suit demand letter provides a detailed recitation of her claimed medical expenses in excess of $459,125.69, far exceeding the jurisdictional threshold of this Court. Notably, this does not include other damages claimed by Plaintiff in her Complaint. *See* Ex. "A."

23. As in *Katz, Stramiello*, and *Wilson*, here, Plaintiff's past medical expenses exceed $459,125.69—exclusive of her future medical expenses, loss of earning capacity, a pending medical bill and other damages alleged in Plaintiff's Complaint. This evidence sufficiently establishes that Plaintiff's claimed damages exceed $75,000.00. As a result, Wal-Mart has demonstrated by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum required, therefore rendering removal appropriate.

## V. Conclusion

24. Walmart has timely filed its Notice of Removal and meets the jurisdictional requirements for removal of Plaintiff's underlying state court action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice of the same to Plaintiff, through her attorney of record, and the Clerk of the Circuit Court.

WHEREFORE, by reasons of the foregoing, Wal-Mart respectfully requests that this Notice of Removal be accepted as adequate under federal law, and that Plaintiff's state court action, Case No. 2021-019069-CA-01, on the docket of the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, be removed from that court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full

and complete jurisdiction over the case issuing all necessary orders along with any other relief that the Court deems just and proper.

                Respectfully submitted,

By:   */s/ Clayton D. Hackney*
     Clayton D. Hackney
     Florida Bar No. 26163
     Frantz Destin, Jr.
     Florida Bar No. 109669
     hackney@fasidibellolaw.com
     destin@fasidibellolaw.com
     blakewindhorst@fasidibellolaw.com
     lopez@fasidibellolaw.com
     pleadings@fasibibellolaw.com
     *Counsel for Defendant*
     **FASI & DIBELLO, P.A.**
     150 SE 2nd Ave, Suite 1010
     Miami, Florida 33131
     Telephone: (305) 537-0469
     Facsimile: (305) 503-7405

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail on this 27th day of September, 2021 to Willam C. Ruggerio, Law Office of William C. Ruggerio, Museum Plaza, Suite 703, 200 South Andrews Avenue., Fort Lauderdale, FL 33301; ruggerio@wrclaw.com.

                By:   */s/ Clayton D. Hackney*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dorelia Camps Pinero

### DEFENDANTS
Walmart Claims Services, Inc.

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William C. Ruggerio, Museum Plaza, Suite 703, 200 South Andrews Avenue., Fort Lauderdale, FL 33301

Attorneys *(If Known)*
Clayton D. Hackney/Frantz Destin, Jr., Fasi & DiBello, P.A. 150 S.E. 2nd Avenue, Suite 1010, Miami, FL 33131

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [X] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY (cont.)**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Removal pursuant to 28 U.S.C. Sections 1332, 1441 and 1446(b)(3) and Rule 81(c)

Brief description of cause:
Premises Liability Negligence Action

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 1,000,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: September 27, 2021
SIGNATURE OF ATTORNEY OF RECORD: /s/ Clayton D. Hackney

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____