**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 21-cv-23458-KMM**

DORELIA CAMPS PINERO,

    Plaintiff,

vs.

WALMART CLAIMS SERVICES, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Walmart Claims Services, Inc. ("Wal-Mart"), by and through undersigned counsel, hereby files its answer to Plaintiff's Original Complaint ("Complaint"), and states as follows:

## COMPLAINT

1. Defendant is without knowledge of this allegation and therefore denies the same.

2. Defendant is without knowledge of this allegation and therefore denies the same.

3. Defendant admits this allegation.

4. Defendant denies this allegation.

5. Defendant denies this allegation. On the alleged date of incident, the subject premises was owned and operated by Sam's East, Inc.

6. Defendant denies this allegation.

7. Defendant denies this allegation.

8. Defendant denies this allegation as phrased.

9. Defendant denies this allegation.

10. Defendant denies this allegation.

11. Defendant denies this allegation.

12. Defendant denies this allegation.

13. Defendant denies this allegation.

14. Defendant denies this allegation.

## **GENERAL DENIAL**

All allegations, contentions, claims or prayers for relief not specifically admitted to are hereby denied.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### **Second Affirmative Defense**

Any negligence that caused or contributed to the injuries of Plaintiff was solely the result of negligence on the part of third parties and other individuals or entities who may be discovered through the discovery process, and were not under the care, custody, control or supervision of Defendant, and therefore, Plaintiff cannot recover against Defendant.

### **Third Affirmative Defense**

Plaintiff's claims are barred in whole or in part because of Plaintiff's own negligence.

**Fourth Affirmative Defense**

Pursuant to Florida Statute Section 768.76, or any other applicable provision, in the event of any recovery by Plaintiff in this action, the amount awarded to Plaintiff in this action must be reduced by any amounts paid to Plaintiff from any collateral source or benefits.

**Fifth Affirmative Defense**

Defendant is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Florida Statute § 768.81.

**Sixth Affirmative Defense**

Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur.  Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to Plaintiff's own negligence.

**Seventh Affirmative Defense**

Plaintiff failed to take reasonable steps to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

**Eighth Affirmative Defense**

Defendant had no actual or constructive knowledge of the alleged dangerous condition or defect and is otherwise not liable pursuant to Florida Statute § 768.0755.

**Ninth Affirmative Defense**

Plaintiff's recovery for medical damages is limited to only those medical expenses for which Plaintiff has become liable. *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2nd 956 (Fla. 2d DCA 2004).

**Tenth Affirmative Defense**

At the time of the incident alleged in the Complaint, Plaintiff was suffering from pre-existing conditions, which caused or contributed to the damages Plaintiff is claiming.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred in whole or in part because the condition or defect alleged to have been present at the premises was open and obvious to Plaintiff.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff's knowledge of the condition or defect alleged to be present at the premises was superior to or at least equal to the Defendant's alleged knowledge and thus, the Defendant had no duty to warn the Plaintiff of such alleged condition or defect.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries and damages, if any, were the result of a superseding and intervening cause.

**Fourteenth Affirmative Defense**

Defendant did not cause or create any dangerous conditions for which it could be held liable for any failure to remedy or warn thereof.

**Fifteenth Affirmative Defense**

Plaintiff knowingly and voluntarily assumed the risks alleged in this Complaint, and thus subjected herself to those risks inherent in the activity in which she was engaging at the time, as well as to the conditions of which she now complains, thereby assuming the risk of injury and damages complained of and reducing her recovery proportionately.

CASE NO. 21-cv-23458-KMM

**Sixteenth Affirmative Defense**

Defendant is entitled to the benefits and protections regarding an itemized verdict as set forth in Florida Statute §768.77.

**Seventeenth Affirmative Defense**

Defendant is entitled to a credit or set off for any payments received or receivable by Plaintiff for any damages alleged in the Complaint from any collateral source whatsoever, including but not limited to payments from any health insurance, health plan benefits, Medicare, social security, or any other private or public funding source which either reimbursed Plaintiff for any other damages claimed in this case or reduced the amount of any bills of Plaintiff, as set forth in Florida Statute §768.76.

**Eighteenth Affirmative Defense**

Plaintiff could have discovered any alleged danger on the premises by exercising the use of due care but failed to do so, thereby eliminating any liability for her to recover from Defendant in this action as a matter of law.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend these affirmative defenses as discovery proceeds and additional information becomes known.

**WHEREFORE**, Defendant respectfully requests the Court (i) deny the relief requested by Plaintiff, (ii) enter judgment in favor of the Defendant and against Plaintiff, (iii) award Defendant costs incurred in defending this action, and (iv) award Defendant such further relief the Court deems appropriate.

CASE NO. 21-cv-23458-KMM

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ *Clayton D. Hackney*
   Clayton D. Hackney
   Florida Bar No. 26163
   Frantz Destin, Jr.
   Florida Bar No. 109669
   hackney@fasidibellolaw.com
   destin@fasidibellolaw.com
   blakewindhorst@fasidibellolaw.com
   lopez@fasidibellolaw.com
   pleadings@fasibibellolaw.com
   *Counsel for Defendant*
   **FASI & DIBELLO, P.A.**
   150 SE 2nd Ave, Suite 1010
   Miami, Florida 33131
   Telephone: (305) 537-0469
   Facsimile: (305) 503-7405

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 4th day of October, 2021, we electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. We also certify that the foregoing document is being served by first-class mail to any non-CM/ECF participants.

By: /s/ *Clayton D. Hackney*
   Clayton D. Hackney

CASE NO. 21-cv-23458-KMM

## SERVICE LIST

**DORELIA CAMPS PINERO vs. WALMART CLAIMS SERVICES, INC.,**
**Case No.** 21-cv-23458-KMM
**United States District Court, Southern District of Florida**

William C. Ruggiero, Esq.
Law Offices of William C Ruggiero
Museum Plaza, Suite 703
200 S Andrews Ave
Fort Lauderdale, FL 33301
Florida Bar No. 878499
E-Mail: ruggiero@wrclaw.com; wruggiero@wcrlaw.com
Office: 954-462-2300
Fax: 954-463-2460
Attorneys For Plaintiff

Clayton D. Hackney, Esq.
Florida Bar No. 26163
Frantz Destin Jr., Esq.
Florida Bar No. 109669
Fasi & DiBello, P.A.
150 S.E. 2nd Avenue, Suite 1010
Miami, FL 33131
E-Mail: hackney@fasidibellolaw.com; destin@fasidibellolaw.com
blakewindhorst@fasidibellolaw.com; lopez@fasidibellolaw.com
Telephone: (305) 537-0469
Facsimile:  (305) 503-7405
Attorneys For Defendant