**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 21-cv-23458-KMM**

DORELIA CAMPS PINERO,

   Plaintiff,
vs.

WALMART CLAIMS SERVICES, INC.,

   Defendant.      /

**DEFENDANT WALMART'S**
**MOTION FOR SUMMARY JUDGMENT**

  Defendant, Walmart Claims Services, Inc., ("Walmart") moves this Court, pursuant to Federal Rule of Civil Procedure 56(a) and Local Rule 56.1 for the entry of final summary judgment against Plaintiff Dorelia Pinero ("Plaintiff"), and in support thereof, states:

**INTRODUCTION**

  Plaintiff alleges that she slipped and fell on a dirty liquid substance in a Walmart gas station. Florida law requires Plaintiff to show that Walmart had actual or constructive knowledge of the alleged condition in order to establish negligence. Summary judgment must be entered in Walmart's favor because the evidence of record reveals that Plaintiff has not—and cannot—meet her burden of proving Walmart had actual or constructive knowledge of the alleged condition.

  Here, the evidence comprehensively evinces that negligence cannot be imputed to Walmart as a matter of law. The record is devoid of any evidence that Walmart had actual knowledge of the alleged substance because the undisputed material facts show that no Walmart employee created or otherwise knew of the condition on the floor before the alleged incident. Plaintiff is also unable to demonstrate that Walmart had constructive notice because the record contains no evidence of: (1) when the substance got on the floor or how long it was present prior to the alleged

incident, (2) *anyone* seeing the substance before the alleged incident (3) where it came from, (4) any signs of aging, (5) how the substance got to be on the floor, or (6) that such a condition occurred regularly in the subject area. Even when viewed in the light most favorable to Plaintiff—the undisputed material facts show that she has not and cannot establish that Walmart had actual or constructive notice of the condition. Indeed, as Walmart will show below—the record evidence supports only one conclusion—that the substance was *not* on the floor for a long period of time.

Plaintiff alleges that she slipped and fell on what she believes to be gasoline. Notably, Plaintiff admits that she saw the substance before the incident, but did not avoid it:

> **Q. Okay. Were you able to start pumping gasoline before the incident happened?**
> A.  Yes. I got out of the car. And I got out of the car and went to where the tank is. I -- I noticed that the floor was wet. But I didn't pay too much importance to that. And I uncovered the gas tank and I picked up the pump -- the hose and I started pumping gas. And I noticed that my -- the soles of my shoes were slippery. But I finished pumping gas because I was standing right there. and when I turned around to go to the door of my car I started skidding. And I was slipping and I was trying to hold onto the car.
> …
> And I thought
> that I was slipping on water.

*See* Pinero Dep. 85:21-86:24 attached as Exhibits 12 and 13 to Walmart's Statement of Undisputed Facts.  Plaintiff does not know what the substance was, how long the substance was on the floor before her alleged fall, where it came from, or when it first spilled onto the floor.

> **Q. Okay. And that substance that you saw when**

> **you got out of your car, you don't know exactly where it came from?**
> A. No.
> **Q. Okay. The substance that you saw on the floor, you didn't see when it first got on the floor?**
> A. No. It was already there when I arrived.
> …
> **Q. Okay. And you don't know when that gas would have spilled?**
> A. No. I wasn't there.
> …
> **Q. You don't know who spilled that gasoline on the floor?**
> A. If the lady who was there didn't know, how could I know.
> **Q. Okay. And you didn't see anyone spill that gasoline while you were driving up to the gas station?**
> A. There was nobody there.

*See Id*. at 89:02-89:09, 100:01-100:13, and 122:05-122:07, attached as Exhibit 14 to Walmart's Statement of Undisputed Facts. Plaintiff also did not know how long the substance had been on the floor before her alleged fall.

> **You don't know how long this substance was on the floor before you stepped in it, correct?**
> A. No, darling; I don't know.

*Id*. at 122:05-122:07.

She did not smell the substance, herself, and only believes it gasoline because her aunt told her she smelled like gasoline after the fall. *See Id*. at 97:03-97:21 attached as Exhibit 15.

3

Similarly, Sam's Club employee Rita Diaz who was working at the gas station inspected that gas station floor between 6:00AM and 7:00AM and did not have any knowledge of the alleged substance being on the floor before the alleged incident. *See* Diaz Dec. (Ex. 5) ¶¶ 7-9, 12. And no other employee caused any spill or had any knowledge of such a spill before Plaintiff's alleged incident. *Id*. *See* Diaz Dec. (Ex. 5) ¶¶ 13-15. Moreover, liquid spills were not a regular occurrence on the gas station floor. *See* Diaz Dec. (Ex. 5) ¶ 15.

Under these undisputed facts, Florida law requires that final summary judgment be entered in favor of Walmart because Plaintiff cannot establish that Walmart/the store had either actual or constructive notice of the alleged substance on its store floor, and therefore, did not breach its duty of care.

### I.     **The Summary Judgment Standard**

As is well known, pursuant to Federal Rule of Civil Procedure 56(a), summary judgment should be entered when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). To discharge their burden, a movant need only direct the district court's attention to the fact there is an absence of evidence to support the nonmoving party's case. *See Jeffrey v. Sarasota White Sox, Inc*., 64 F.3d 590, 593-94 (11th Cir. 1995). Once a movant has met its burden, the burden shifts to the non-moving party to come forward with affirmative evidence to support its claim. *Monelus*, 2008 WL 5272171, at *1 (citing *Anderson*, 477 U.S. 252, 257 (1986)).

However, to escape summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its be-half." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Failing to present proof concerning an essential element of the non-moving party's case renders all other facts immaterial and requires the court to grant the motion. *See Celotex Corp.*, 477 U.S. at 322.

The undisputed material facts herein form only one reasonable conclusion—Plaintiff cannot carry her burden of proving Walmart had either actual or constructive notice of the alleged condition and, therefore, Plaintiff's claim of negligence fails under Florida law.

**II.    This Court Should Enter Summary Judgment in Walmart's Favor Because The Alleged Substance Was Open and Obvious and Plaintiff Cannot Establish That Walmart Had Actual or Constructive Knowledge of It.**

Plaintiff cannot show that Walmart breached any duty of care owed to her because Plaintiff has failed to provide any evidence establishing that Walmart had actual or constructive notice of the alleged dangerous condition. Under Florida law, a claim of negligence requires the Plaintiff to establish the following four elements: (1) Walmart owed a duty, (2) Walmart breached that duty, (3) that Walmart's breach proximately caused Plaintiff's injury, and (4) Plaintiff was actually harmed by the injury. *See Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007); *Florida Dept. of Corrections v. Abril*, 969 So. 2d 201, 204 (Fla. 2007). Additionally, a plaintiff in a premises liability action must show (5) "the defendant's possession or control of the premises and [(6)] notice of the dangerous condition." *Lisanti v. City of Port Richey*, 787 So. 2d 36, 37 (Fla. 2d DCA 2001).

A business owes its customers two duties, "(1) to take ordinary and reasonable care in keeping its premises reasonably safe for invitees; and (2) to warn [only] of perils that were known

5

or should have been known to the [business] and of which the invitee could not discover." *Delgado v. Laundromax, Inc.*, 65 So.3d 1087, 1090 (Fla. 3d DCA 2011). However, "where a business invitee [alleges] that she slipped and fell on a 'transitory substance' in a business establishment … proof of the breach element of the claim against the [business owner] is statutorily constrained by section 768.0755 of the Florida Statutes (2013)." *Encarnacion v. Lifemark Hosps. of Florida*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017).

Florida Statutes §768.0755 specifically outlines what Plaintiff must prove to recover under her negligence claim arising from a foreign substance being on the floor:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
>     (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
>     (b) The condition occurred with regularity and was therefore foreseeable.

§768.0755(1), Fla. Stat.

Thus, for Plaintiff to succeed in establishing that Walmart was negligent regarding the alleged transitory foreign substance, she must show that Walmart had actual or constructive knowledge of the alleged dangerous condition. For the reasons detailed below, the undisputed facts and evidence of record establish that Plaintiff cannot carry her burden of proving that Walmart had actual or constructive knowledge of the alleged condition. As a result, Florida law requires this Court grant summary judgment in Walmart's favor.

  a.  **Plaintiff Knew That The Substance Was on The Gas Station Floor And Could Have Avoided It.**

Some injury-causing conditions are simply so open and obvious that they can be held as a matter of law not to give rise to liability as dangerous conditions. *See Taylor v. Universal City Property Management*, 779 So. 2d 621, 622 (Fla. 5th DCA 2001) ("The precise nature of the hazard need not be observable."); *see also Arnoul v. Busch Entertainment Corp.*, 2008 WL 4525106 (M.D. Fla. 2008) ("If the obviousness of the condition would lead a reasonable person to believe that the danger will be avoided, the condition is not unreasonably dangerous, and the landowner is not liable."). Additionally, there are two types of obvious conditions which will both discharge the duty to warn and will not constitute a breach of a duty to maintain the premises in a reasonably safe condition as a matter of law. *Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1133 (Fla. 1st DCA 2017). As the Brookie court explained:

> Thus, there are two types of obvious conditions that will not constitute a breach of a duty to maintain premises in a reasonably safe condition, to wit: 1) where the condition is so—open and obvious and not inherently dangerous; or 2) where the condition may be dangerous, but is—so open and obvious that an invitee may be reasonably expected to discover them to protect himself. Thus, while many decisions speak of the duty to warn and the duty to maintain premises in a reasonably safe condition as separate and distinct duties, for analytical purposes the duties are not mutually exclusive, as **the open and obvious nature of a condition may preclude a finding of a breach of either duty, as a matter of law**.

*Id*. (citations omitted) (emphasis added); *see also Ramsey v. Home Depot U.S.A., Inc.,* 124 So. 3d 415 (Fla. 1st DCA 2013) (affirming summary judgment where Plaintiff alleged that she was focused on an accessibility sign and did not see the wheel stop in front of her on which she tripped).

In *Wolf*, a customer sued Sam's Club after he tripped on a tree root while walking across a landscaped area of the parking lot on his way to the store entrance. *Wolf v. Sam's E., Inc.*, 132 So. 3d 305 (Fla. 4th DCA 2014). Although he conceded that he was aware of trees in the landscaped areas, plaintiff alleged that he had not "consciously noted" the tree roots in those areas before the

7

incident. *Id*. Accordingly, he alleged that the store failed to properly maintain its premises and to warn him of the dangerous condition of the tree roots on its premises. *Id*.

Upon its review of these facts, the Fourth District Court of Appeal affirmed the trial court's entry of summary judgment for Sam's Club. *Id*. at 309. In doing so, the court rejected plaintiff's arguments that the tree roots were not easily visible. *Id*. The court reasoned that the tree roots were "so obvious and not inherently dangerous" that they constituted a non-dangerous condition as a matter of law which precluded recovery under a failure- to-maintain theory. *Id*. at 308.

Applying the Open and Obvious Doctrine to the Facts of this Case Requires Entry of Summary Judgment in Favor of Walmart. Simply put, here, Plaintiff admits that she observed that the floor was wet before her alleged fall.[1] She chose to not avoid the wet area on the floor and did not "pay too much importance" to it. Her failure to care for her own safety is her own negligence— no Walmart's. Indeed, in keeping with *Brookie* and *Wolf*, the alleged condition was so open and obvious that she could have reasonably been expected to protect herself from it. Therefore, Walmart's motion for summary judgment should be granted.

     **b.** **There is No Evidence that Walmart Had Actual Notice of the Substance.**

Plaintiff has not and cannot establish that Walmart had actual notice of any dangerous condition as required by Florida law. *See* §768.0755(1). "Actual notice" exists where a business owner's agents or employees create or know of the dangerous condition. *See Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001). Plaintiff has provided no evidence that a Walmart employee created or otherwise knew of the condition being on the floor at any point before the alleged incident occurred. Indeed, Ms. Diaz, who was working at the has station and

---

[1] *See* Pinero Dep. 85:21-86:24 attached as Ex.12 and13.

appears on the store video, attested that no one at Sam's Club had actual notice of the alleged spill.[2] By Plaintiff's own admission, the person that she allegedly spoke to, did not know who spilled the substance.[3] Moreover, the store video shows that there were no caution cones or warning signs in the area of the alleged incident which could imply the possibility of actual notice.[4] Therefore, there is no evidence in the record that remotely suggests Walmart had actual notice of the condition.

    c.    **There is No Evidence that Walmart Had Constructive Notice of Any Dangerous Condition.**

In the absence of actual notice, it is incumbent on Plaintiff to come forward with evidence of constructive notice. *See* §768.0755 (1)(a)-(b). The evidence of record here, however, reveals that Plaintiff cannot show that Walmart had constructive notice of any dangerous condition as required by Florida law. *See* §768.0755 (1)(a)-(b). First, the record is devoid of any evidence establishing that the alleged condition "occurred with regularity and was therefore foreseeable." §768.0755(1)(b). Indeed, Ms. Diaz's declaration indicates that liquid spills were not a regular occurrence at the gas station.[5] Accordingly, Walmart' Motion for Summary Judgment should be granted. *See Speedway, LLC v. Cevallos*, 331 So. 3d 731, 738 (Fla. 4th DCA 2021) (reversing denial of motion for directed verdict where jury was left to speculate as to the existence of a substance at a gas station and the defendant gas station's purported constructive knowledge of "buildup" on its concrete floor.)

There is also no evidence of when the liquid came to be on the floor. Thus, to establish constructive notice, Plaintiff must present circumstantial evidence that the alleged gasoline

---

[2]    *See* Diaz Dec. (Ex. 5) ¶ ¶ 7-9, 12-14.
[3]    *See* Pinero Dep. at 100:01-100:13 (Ex. 14).
[4]    *See* Store Surveillance Video between timestamps 7:00:19AM to 09:04:30AM (Ex. 4).
[5]    *See* Diaz Dec. (Ex. 5) ¶ 15.

"existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition." §768.0755 (1)(a); *see Encarnacion*, 211 So. 3d at 278.

Florida courts have found that a defendant is entitled to summary judgment where an employee inspected the area less than twenty minutes prior to the alleged incident. *See Hill v. Ross Dress for Less, Inc.*, 12-23368-CIV, 2013 WL 6190435, at *5 (S.D. Fla. Nov. 26, 2013); For example, in *Hill*, a store employee testified that the store trains its employees to always be on the lookout for dangerous conditions and to pick up any items on the floor upon notice. 2013 WL 6190435, at *1. The employee testified that she did not see anything on the floor when she inspected the area approximately ten minutes prior to the incident, and if she ever comes across something on the floor, she cleans it up. *Id*. Based on this evidence, and the fact there was no evidence of when the substance got on the floor, the source, or how long it was present, the Court flatly rejected the customer's argument that an issue of material fact existed as to when the store employees last inspected the area of incident. *Id*. at *5. Rather, the Court found that there was "no evidence that Defendant knew or should have known of the hazardous condition." *Id*.; *see Hernandez v. Sam's E., Inc.*, 20-CV-61648-RAR, 2021 WL 1647887, at *3 (S.D. Fla. Apr. 26, 2021); *see also Pussinen v. Target Corp.*, 731 Fed. Appx. 936, 938 (11th Cir. 2018) (affirming summary judgment and emphasizing "**it would be pure speculation** for a jury to conclude … that the liquid was on floor for more than fifteen minutes" based solely on employee testimony that he last inspected area 'more than fifteen minutes' before fall.)

Furthermore, Florida law is clear—the mere presence of a transitory substance is insufficient to establish constructive notice—rather, "the record must contain additional facts to create a permissible inference regarding the amount of time the [substance] had been on the floor." *Palavicini v. Walmart Stores E., LP*, 787 Fed. Appx. 1007, 1013 (11th Cir. 2019); *Bucholtz v. City*

*of Jacksonville,* 72 So. 2d 52, 53 (Fla. 1954); *see Delgado*, 65 So.3d at 1090; *see also Lago v. Costco Wholesale Corp.*, 233 So. 3d 1248, 1252 (Fla. 3d DCA 2017); *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 130 (Fla. 4th DCA 2020). In *Delgado*, a customer fell in a laundromat and alleged that she had slipped on water that was left on the floor. *See Delgado*, 65 So.3d at 1090. The customer testified that she did not know where the water came from, how long it was on the floor prior to her fall, or if anyone at the laundromat knew of the water being there before she walked in. *See Id*. In affirming summary judgment, the Third District Court of Appeal emphasized that—**without additional facts**—the mere presence of water on the floor and that the customer slipped on it was insufficient to hold the laundromat liable for negligence. *See Id*. In fact, the court found that "all the facts regarding the spill suggest that it was not on the floor for a long period of time" prior to the incident. *Id*. Similarly, a customer in *Lago* testified that she did not see the liquid before she fell, did not know what it was, and did not know how long it had been there. *See Id*. at 1251-52. Relying on *Delgado*, the court in *Lago* affirmed summary judgment, reasoning that, "without additional facts suggesting the liquid had been there for a long period of time or this happened regularly, the trial court properly granted summary judgment" in favor of the grocery store. *Id*. at 1252.

Here, much like *Hill*, *Delgado* and *Lago*—the record is completely devoid of any evidence reasonably signifying the liquid was on the floor long enough to impute constructive knowledge to Walmart. Akin to the employees in *Hill* and *Hernandez*, Ms. Diaz walked through the area of the incident throughout the hour between 6:00 AM and 7:00 AM prior to the alleged fall and did not notice any substance on the gas station floor.[6] The evidence of record shows that Sam's Club regularly trains its employees to always be on the lookout for spills, produce, or any potentially

---

6     *See* Diaz Dec. (Ex. 5) ¶ 15.

dangerous conditions and to clean them up immediately upon notice.[7] Further, Plaintiff does not know what the substance was, how long the substance was on the floor before her alleged fall, where it came from, or when it first spilled onto the floor.[8] Plaintiff also did not know how long the substance had been on the floor before her alleged fall.[9] There is simply *no evidence of anyone* seeing the alleged condition prior to the alleged incident, nor is there any evidence of its source, or how long it was present prior to the alleged incident. Moreover, neither In sum, the record is completely devoid of any evidence remotely suggesting how long the condition was on the floor prior to the alleged incident. Rather, as in *Delgado* and *Lago*, "all the facts regarding the [substance] suggest that it was *not* on the floor for a long period of time."

The only possible alternative is for Plaintiff to establish, by *permissible* inference, that the condition itself showed *obvious* signs of aging sufficient to impute constructive knowledge to Walmart. A "reasonable inference is one that a reasonable and fair-minded [person] in the exercise of impartial judgment might draw from the evidence." *Pussinen v. Target Corp.*, 731 Fed. Appx. 936, 937 (11th Cir. 2018). "Yet **a jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility**." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982)(emphasis added); *see Hernandez v. Sam's E., Inc.*, 20-CV-61648-RAR, 2021 WL 1647887, at *5 (S.D. Fla. Apr. 26, 2021) ("[I]f a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.")(quoting *Nielson v. City of Sarasota*, 117 So. 2d 731, 733 (Fla. 1960).

---

[7] *Id.* at ¶ 16.
[8] See Pinero Dep. at 89:02-89:09, 100:01-100:13, and 122:05-122:07, attached as Exhibit 14 to Walmart's Statement of Undisputed Facts.
[9] Id. at 122:05-122:07.

Importantly, "[f]or such testimony to create a jury issue, the testimony ***must* be accompanied by a 'plus,'** namely some ***additional* fact or facts** from which a jury can reasonably conclude that the substance was on the floor long enough to have become discolored *without assuming other facts*." *Encarnacion*, 211 So. 3d at 278 (emphasis added).

Florida courts have repeatedly held that "the mere presence of footprints or marks, standing alone, may not constitute competent evidence tending to show the length of time that a substance has been on the floor." *Hernandez*, 2021 WL 1647887, at *5; *see also Granela v. Walmart Stores E., L.P.*, 1:19-CV-23726, 2021 WL 768271, at *3 (S.D. Fla. Feb. 26, 2021); *Calvache v. Jackson Memorial Hosp.*, 588 So. 2d 28, 29 (Fla. 3d DCA 1991). Where a slip and fall plaintiff fails to identify additional facts sufficiently signifying the length of time the condition was on the floor, there is no genuine issue of material fact, and the premises owner is entitled to summary judgment. *See Oliver*, 291 So. 3d at 130; *Espinoza v. Target Corp.*, 843 Fed. Appx. 168, 171 (11th Cir. 2021). For example, in *Oliver*, a shopper claimed she slipped and fell on what appeared to be a squished grape and liquid surrounding it in a Winn-Dixie store. *Id*. at 127. The shopper described the condition as a "clear, dirty liquid on the floor [with] some sort of red or purple speck in it." *Id*. (emphasis added). Importantly, however, just as in *Delgado* and *Lago*, the shopper in *Oliver* "did not see the grape or surrounding liquid before falling. Neither did the customer who happened to be shopping in the area when [the shopper] fell," nor did the shopper's daughter who had previously been in the area of the fall. *Id*. at 129. Nor did the employee that was in the area before the fall. *See Id*. Furthermore, there were no obvious signs of aging. *See id*. As a result, the Fourth District Court of Appeal emphasized that this limited evidence "**hardly establishes that**… the grape and surrounding liquid were on the ground for enough time to impute constructive knowledge to Winn-Dixie." *Id*. at 129-130 (emphasis added). Rather, the court concluded that—

without more—the "**facts indicate that the liquid was not on the floor for a long period of time prior to the incident**." *Id*. at 130.

Similarly, in *Encarnacion*, the Third District Court of Appeal categorically rejected plaintiff's argument that her testimony of the substance being "oily, dirty, and dark," in and of itself was sufficient to create an issue for the jury on constructive notice. *Id*. The court reasoned, "the testimony must be accompanied by a 'plus,' namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long enough to have become discolored without assuming other facts, such as the substance, in its original condition, was not "oily," "dirty" and "dark."" *Id*; *see Palavicini v. Walmart Stores E., LP*, 787 Fed. Appx. 1007, 1013 (11th Cir. 2019) (affirming summary judgment despite testimony liquid was "yellow" and "dirty," where plaintiff could not identify when the liquid presented itself, how long it was present, or *what caused it to be dirty*, and no indicia of prior marks).

Here, as in *Hernandez, Oliver* and *Encarnacion*, Plaintiff has not and cannot provide any evidence giving rise to a permissible inference that the alleged substance was on the floor for a long enough period of time to impute liability to Walmart. There is no evidence of any marks or any footprints ever being in the alleged substance. There is no evidence that the substance was not "dirty" in its original form before it spilled onto the ground. Thus, without speculating, Plaintiff can never establish how long the alleged substance was on the ground. *See Granela*, 2021 WL 768271, at *4 (affirming summary judgment where **customer's "arguments [would] require the court to make impermissible inferential leaps and assumptions" and "[a] reasonable jury would … be left to speculate as to the length of time the water was on the floor, whether moments, minutes, or hours**").

Again, as in *Hernandez, Oliver*, and *Encarnacion,* Plaintiff has failed to provide evidence sufficient for a reasonable jury to infer that water/gasoline—devoid of any reasonable obvious signs of aging and with no known source—had been on the floor for a sufficient length of time to charge Walmart with constructive knowledge of its presence.

## **CONCLUSION**

Summary judgment is the proper and necessary means for terminating litigation where there is no genuine issue of material fact. *Buitrago v. Rohr*, 672 So. 2d 646 (Fla. 4th DCA 1996) (affirming entry or summary judgment because case "cried out" for its entry where party had no legal exposure). As discussed above, there is no evidence to support a claim of negligence against Walmart. Accordingly, this Court should enter summary judgment in favor of Walmart.

WHEREFORE, the Defendant Walmart respectfully requests that this Honorable Court issue an order granting Summary Judgment in its favor and against Dorelia Pinero, stating Plaintiff is to go hence without day, and awarding any other relief that the Court deems just and proper.

                Respectfully submitted,

By:    /s/ *Frantz Destin Jr.*
        Frantz Destin Jr.
        Florida Bar No. 109669
        destin@fasidibellolaw.com
        lopez@fasidibellolaw.com
        *Counsel for Defendant*
        **FASI & DIBELLO, P.A.**
        150 SE 2nd Ave, Suite 1010
        Miami, FL 33131
        Telephone: (305) 537-0469
        Facsimile: (305) 503-7405

CASE NO. 21-cv-23458-KMM

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 22nd day of July, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        By: /s/ *Frantz Destin, Jr.*
              Frantz Destin Jr.

## SERVICE LIST

**DORELIA CAMPS PINERO vs. WALMART CLAIMS SERVICES, INC.,**
**Case No. 21-cv-23458-KMM**
**United States District Court, Southern District of Florida**

William C. Ruggiero, Esq.
Vanessa Lagios, Esq.
Law Offices of William C Ruggiero
Museum Plaza, Suite 703
200 S Andrews Ave
Fort Lauderdale, FL 33301
Florida Bar No. 878499
E-Mail: ruggiero@wrclaw.com; wruggiero@wcrlaw.com; vlagios@wcrlaw.com
Office: 954-462-2300
Fax: 954-463-2460
Attorneys For Plaintiff

Frantz Destin Jr., Esq.
Florida Bar No. 109669
Fasi & DiBello, P.A.
150 S.E. 2nd Avenue, Suite 1010
Miami, FL 33131
E-Mail: destin@fasidibellolaw.com; lopez@fasidibellolaw.com
Telephone: (305) 537-0469
Facsimile:  (305) 503-7405
Attorneys For Defendant